**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RUBEN LOCKE III | ) | |
| | ) | No.  20-10421 |
| | ) | Chapter 13 (Joliet) |
| Debtor | ) | Honorable LaShonda A. Hunt |
| | ) | Hearing Date:  1/22/2021, 10:15 a.m. |

**NOTICE OF MOTION**

To:   See attached Service List.

PLEASE TAKE NOTICE that on January 22, 2021, at 10:15 a.m., I will appear telephonically before the Honorable Judge LaShonda A. Hunt, or any judge sitting in her place, and present the **MOTION FOR RELIEF FROM STAY PURSUANT TO SECTION 362 AND FOR RELIEF FROM THE CO-DEBTOR STAY PURSUANT TO SECTION 1301 OF THE BANKRUPTCY CODE**, a copy of which is attached.

**This motion will be presented and heard telephonically using AT&T Teleconference. No personal appearance in court is necessary or permitted.  To appear and be heard telephonically on the motion, you must call in to the hearing using the following information – Toll Free Number:  1-888-557-8511; Access Code:7490911.**

If you object to this motion and want it called on the presentment date above, you must file a Notice of Objection no later than (2) business days before that date.  If a Notice of Objection is timely filed, the motion will be called on the presentment date.  If no Notice of Objection is timely filed, the court may grant the motion without a hearing.

            /s/ Amy E. Olson            .
            Attorney for Movant

#6304972
Amy E. Olson
KEAY & COSTELLO, P.C.
128 South County Farm Road
Wheaton, Illinois 60187
(630) 690-6446 / amy@keaycostello.com

**CERTIFICATE OF SERVICE**

I, Amy E. Olson certify under penalty of perjury under the laws of the United States of America that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method indicated on the list on January 11, 2021 at 5:00 p.m.

Signed: _[signature]_

## SERVICE LIST

Tieisha Tandem Locke  *By 1st class mail, Deposited*
185 Azalea Circle  *in the U.S. Mail at Wheaton, IL*
Romeoville, Illinois 60446  *with proper postage prepaid*

Ruben Locke  *By 1st class mail, Deposited*
185 Azalea Circle  *in the U.S. Mail at Wheaton, IL*
Romeoville, Illinois 60446  *with proper postage prepaid*

David M Siegel  *By ECF Electronic Delivery*
David M. Siegel & Associates
790 Chaddick Drive
Wheeling, IL 60090

Glenn B Stearns  *By ECF Electronic Delivery*
801 Warrenville Road Suite 650
Lisle, IL 60532

Patrick S Layng  *By ECF Electronic Delivery*
Office of the U.S. Trustee, Region 11
219 S Dearborn St, Room 873
Chicago, IL 60604

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| RUBEN LOCKE III ) | |
| ) | No.  20-10421 |
| ) | Chapter 13 (Joliet) |
| Debtors ) | Honorable LaShonda A. Hunt |
| ) | Hearing Date:  1/22/2021, 10:15 a.m. |

**MOTION FOR RELIEF FROM STAY PURSUANT TO SECTION 362**
**AND FOR RELIEF FROM THE CO-DEBTOR STAY PURSUANT**
**TO SECTION 1301 OF THE BANKRUPTCY CODE**

NOW COMES a certain creditor, WESGLEN PARKSIDE CONDOMINIUM ASSOCIATION A/K/A PARKSIDE CONDOMINIUM ASSOCIATION, by and through its attorneys, KEAY & COSTELLO, P.C., and in support of its Motion for Relief from Stay, states as follows:

1. That the creditor is WESGLEN PARKSIDE CONDOMINIUM ASSOCIATION A/K/A PARKSIDE CONDOMINIUM ASSOCIATION (hereinafter referred to as "WESGLEN PARKSIDE"), an Illinois not-for-profit corporation and condominium association governed by the Illinois Condominium Property Act (765 ILCS 605/1 et seq.).

2. That the Debtor, RUBEN LOCKE III (hereinafter referred to as "Debtor") and the non-filing TIEISHA LOCKE (hereinafter referred to as "Co-Debtor") are the owners of residential real estate that is part of WESGLEN PARKSIDE.  Specifically, Debtor and Co-Debtor are the owners of the property located at 185 Azalea Circle, Romeoville, Will County, Illinois.

3. That pursuant to 9(g)(1) of the Illinois Condominium Property Act (765 ILCS 605/1 et seq.) and WESGLEN PARKSIDE's governing documents, which have been recorded with the Recorder of Deeds of Will County, Illinois, a lien attaches to the property of the Debtor and Co-Debtor to

1

secure unpaid assessments and other obligations arising out of ownership of a unit under the jurisdiction of WESGLEN PARKSIDE.

4. That as owners of a property at WESGLEN PARKSIDE, the Debtor and Co-Debtor are obligated to pay assessments to WESGLEN PARKSIDE.

5. That since the filing of Debtor's Chapter 13 petition on May 5, 2020, the Debtor and Co-Debtor have failed to remain current on their post-petition obligation to pay assessments to WESGLEN PARKSIDE.

6. Accordingly, beginning on June 2020 through the filing of this Motion, Debtor and Co-Debtor have failed to pay the amount of $1,457.75 in post-petition assessments to WESGLEN PARKSIDE. Additionally, WESGLEN PARKSIDE has incurred $700.00 in attorney's fees and $181.00 in court costs as a result of Debtor and Co-Debtor's failure to remain current on their post-petition obligation to the Association. Collection of said attorney's fees and court costs is authorized by the Association's Declaration.

7. Collection of said attorney fees and court costs is authorized by 9.2(b) of the Illinois Condominium Property Act and the Declaration. (765 ILCS 605/9.2(b)) (West 2017).

8. Therefore, the total amount due through the filing of this Motion for post-petition assessments, late fees, fines, attorney's fees, and court costs is $2,338.75.

9. That pursuant to Section 362 of the Bankruptcy Code, WESGLEN PARKSIDE moves this court for entry of an order modifying the automatic stay arising as a result of Debtor's Chapter 13 filing.

10. That WESGLEN PARKSIDE is entitled to relief from the automatic stay and co-debtor stay so it may initiate collection proceedings against the Debtor and Co-Debtor for the assessments and other charges that became due and owing after Debtor's Chapter 13 filing.

11. That WESGLEN PARKSIDE is entitled to relief from the automatic stay for the following reasons:

   a. Debtor has made material defaults under the terms of the Declaration;

   b. There is currently a continuing increase in the total indebtedness chargeable against the real estate for payment of assessments and other charges due under the Declaration which result in WESGLEN PARKSIDE being deprived of adequate protection of its interest in the real estate; and

   c. The subject real estate is not necessary for a successful reorganization of the Debtor.

12. That WESGLEN PARKSIDE is entitled to relief from the co-debtor stay for the following reasons:

   a. The assessments that are the subject of this Motion are post-petition and thus not proposed to be paid through Debtor's chapter 13 plan; and

   b. WESGLEN PARKSIDE's interest would be irreparably harmed by continuation of the stay due to the continuing increase in the total indebtedness chargeable against the real estate for payment of assessments and other charges due under the Declaration.

13. That WESGLEN PARKSIDE requests waiver of the 14-day stay provision of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

WHEREFORE, the Creditor, herein, WESGLEN PARKSIDE, prays this court enter an order modifying the stay and co-debtor stay permitting WESGLEN PARKSIDE, to initiate collection proceedings of all post-petition association assessments due from the Debtor, RUBEN LOCKE III and Co-Debtor, TIEISHA LOCKE, as a result of the ownership of the premises described herein, and for any such other and further relief as this court deems just and equitable within the premises.

                                                      WESGLEN PARKSIDE
                                                      CONDOMINIUM ASSOCIATION

                                      By:  _/s/ Amy E. Olson_
                                            Amy E. Olson

ARDC: 6304972
Amy E. Olson
KEAY & COSTELLO, P.C.
128 South County Farm Road
Wheaton, Illinois 60187
amy@keaycostello.com
(630) 690-6446

4